UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LANCE SCHAAF,
individually and on behalf of
all others similarly situated,

      Plaintiff,                          CASE NO. 17-cv-755

   v.

MBM GUIDE SERVICE AND PONTOON RENTAL,

   and

MITCHELL PLUCAR, SR.,

      Defendants.

COLLECTIVE ACTION COMPLAINT

PRELIMINARY STATEMENT

1.    Plaintiff Lance Schaaf brings this collective action on behalf of himself and all other similarly situated employees of Defendants MBM Guide Service and Pontoon Rental and Mitchell Plucar, Sr. for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"). Plaintiff Schaaf and the putative collective action members are, or were, hourly employees of Defendants MBM Guide Service and Pontoon Rental and Mitchell Plucar, Sr. at times since October 2, 2014. Since that time, Defendants MBM Guide Service and Pontoon Rental and Mitchell Plucar, Sr. have suffered or permitted Plaintiff Schaaf and the putative collective class members to regularly work in excess of forty hours in many workweeks. As a result, Defendants MBM Guide Service and Pontoon Rental and

Mitchell Plucar, Sr. have violated the overtime provisions of the FLSA as to Plaintiff Schaaf and the collective class.

2. Plaintiff Schaaf brings this action, individually and on behalf of all others similarly situated, as a collective action pursuant to 29 U.S.C. § 216(b) for the purpose of obtaining relief under the FLSA for unpaid overtime wages, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

4. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Western District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendants MBM Guide Service and Pontoon Rental and Mitchell Plucar, Sr. have substantial and systematic contacts in this district.

## PARTIES

6. Defendant MBM Guide Service and Pontoon Rental ("MBM") is a Wisconsin business located at N251 Pershing Road, Barronett, Wisconsin 54813.

7. Defendant Mitchell Plucar, Sr. ("Plucar") is an adult resident of Washburn County in the State of Wisconsin.

8. Defendants MBM and Plucar are joint employers, doing business as MBM, and are collectively referred to hereinafter as "Defendants."

9. Joinder of Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) because Plaintiff Schaaf's rights to relief are asserted against Defendants arising out of the same series of occurrences and common questions of law and fact.

10. Plaintiff Lance Schaaf is an adult resident of Washburn County in the State of Wisconsin. Plaintiff Schaaf is a former employee of MBM who worked as an hourly employee from April 6, 2015 until approximately July 2017. Plaintiff Schaaf's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A of this Complaint and is incorporated herein.

11. Plaintiff Schaaf brings this action individually and on behalf of the Collective Overtime Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Overtime Class** is defined as follows:

> All persons who are or have been employed by MBM who were paid on an hourly basis at any time since October 2, 2014.

## GENERAL ALLEGATIONS

12. Plaintiff Schaaf and members of the Collective Overtime Class work, or have worked, for MBM as hourly employees at times since October 2, 2014.

13. MBM provides boat rentals, seasonal fishing and hunting guided trips, and boat dock removal, installations, and repairs.

14. Since October 2, 2014, during the peak months of Mid-March to November, Plaintiff Schaaf and the Collective Overtime Class remove, install, and repair boat docks in and around Washburn County.

15. Since October 2, 2014, during the off-peak months of November to Mid-March, Plaintiff Schaaf and the Collective Overtime Class's members cut wood, clean tools, and clean MBM's shop.

16. Plaintiff Schaaf worked for MBM as an hourly employee from April 6, 2015 until approximately July 2017.

17. Since October 2, 2014, Plaintiff Schaaf and the Collective Overtime Class have been paid on an hourly basis for their work for MBM.

18. Since October 2, 2014, MBM paid Plaintiff Schaaf and the Collective Overtime Class agreed upon hourly rates of approximately $9.00 to $16.00.

19. During the course of their respective employments with MBM since October 2, 2014, Plaintiff Schaaf and the Collective Overtime Class hours worked were recorded by hand, including the date worked, hours worked, and total hours worked on a sheet of paper which was then provided to Defendant Plucar.

20. During the course of their respective employments with MBM since October 2, 2014, MBM has suffered or permitted Plaintiff Schaaf and the FLSA Overtime Class to work in excess of forty hours in a given workweek.

21. During the course of their respective employments with MBM since October 2, 2014, MBM has failed to pay Plaintiff Schaaf and the FLSA Overtime Class for all hours worked, including those worked in excess of forty in a workweek.

22.     For example, during the workweek of May 1, 2017 to May 7, 2017, Plaintiff Schaaf worked and recorded 67.50 hours of work.

23.     However, during the same workweek, MBM only compensated Plaintiff Schaaf for 40 hours.

24.     As a result of the foregoing conduct, MBM failed to compensate Plaintiff Schaaf and the FLSA Overtime Class at a rate of one and one-half times their regular rate for all hours worked in excess of forty in various workweeks since October 2, 2014.

25.     MBM's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Schaaf and the Collective Overtime Class – including the loss of overtime wages to which Plaintiff Schaaf and the putative collective class are entitled under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

26.     Plaintiff Schaaf and the Collective Overtime Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to MBM's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff Schaaf as stated herein are the same as those of the Collective Overtime Class.

27.     The FLSA Section 216(b) Collective Overtime Class' members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from MBM.

Notice can be provided to the Collective Overtime Class via first class mail to the last address known to MBM and through postings at MBM's shop in areas where postings are normally made.

### FIRST CLAIM FOR RELIEF
### Unpaid Overtime Wages under the FLSA

28. Plaintiff Schaaf, individually and on behalf of the Collective Overtime Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

29. Since October 2, 2014, Plaintiff Schaaf and the Collective Overtime Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq.*

30. Since October 2, 2014, Defendant MBM has been and continues to be an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of 29 U.S.C. §203(s)(1).

31. Since October 2, 2014, Plaintiff Schaaf and the members of the Collective Overtime Class have been employees within the meaning of 29 U.S.C. § 203(e).

32. Since October 2, 2014, Defendant MBM has been an employer of Plaintiff Schaaf and the Collective Overtime Class as provided under 29 U.S.C. § 203(d).

33. Since October 2, 2014, Defendant Plucar has been an employer of Plaintiff Schaaf and the Collective Overtime Class as provided under 29 U.S.C. § 203(d).

34. Since October 2, 2014, MBM has violated the FLSA by failing to pay overtime compensation due to Plaintiff Schaaf and the Collective Overtime Class for each hour worked in excess of forty hours in any given workweek.

35. Plaintiff Schaaf and the Collective Overtime Class are entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling because MBM acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

36. Alternatively, should the Court find that MBM did not act willfully in failing to pay overtime premium wages, Plaintiff Schaaf and the Collective Overtime Class are entitled to an award of pre-judgment interest at the applicable legal rate.

37. Pursuant to FLSA, 29 U.S.C. §216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### Unpaid Agreed Upon and Overtime Wages under Wisconsin Law

38. Plaintiff Schaaf, individually, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

39. Between April 6, 2015 until approximately July 2017, Plaintiff Schaaf was an employee within the meaning of Wis. Stat. Wis. Stat. § 109.01 *et seq.*

40. Between April 6, 2015 until approximately July 2017, Plaintiff Schaaf was an employee within the meaning of Wis. Stat. § 103.001 *et seq.*

41. Between April 6, 2015 until approximately July 2017, Plaintiff Schaaf was an employee within the meaning of Wis. Stat. § 104.01 *et seq.*

42. Between April 6, 2015 until approximately July 2017, Plaintiff Schaaf was an employee within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

43. Between April 6, 2015 until approximately July 2017, Plaintiff Schaaf was an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

44. Between April 6, 2015 until approximately July 2017, Defendant MBM was an employer within the meaning of Wis. Stat. § 109.01 *et seq.*

45. Between April 6, 2015 until approximately July 2017, Defendant MBM was an employer within the meaning of Wis. Stat. § 103.001 *et seq.*

46. Between April 6, 2015 until approximately July 2017, Defendant MBM was an employer within the meaning of Wis. Stat. § 104.01 *et seq.*

47. Between April 6, 2015 until approximately July 2017, Defendant MBM was an employer within the meaning of Wis. Admin. Code § DWD 272.001 *et seq.*

48. Between April 6, 2015 until approximately July 2017, Defendant MBM was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

49. Between April 6, 2015 until approximately July 2017, Defendant Plucar was an employer within the meaning of Wis. Stat. § 109.01 *et seq.*

50. Between April 6, 2015 until approximately July 2017, Defendant Plucar was an employer within the meaning of Wis. Stat. § 103.001 *et seq.*

51. Between April 6, 2015 until approximately July 2017, Defendant Plucar was an employer within the meaning of Wis. Stat. § 104.01 *et seq.*

52. Between April 6, 2015 until approximately July 2017, Defendant Plucar was an employer within the meaning of Wis. Admin. Code § DWD 272.001 *et seq.*

53. Between April 6, 2015 until approximately July 2017, Defendant Plucar was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

54. Between April 6, 2015 until approximately July 2017, MBM had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Schaaf for all minimum wage, agreed-upon, and overtime wages owed pursuant to Wisconsin law.

55. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than thirty-one days prior to the date of payment.

56. The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of overtime and agreed-upon wages.

57. As set forth above, Plaintiff Schaaf has sustained losses in her compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff Schaaf seeks damages in the amount of her respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

58. Under Wis. Stat. § 109.11, Plaintiff Schaaf is entitled to civil penalties equal and up to fifty percent of her unpaid wages.

59. Plaintiff Schaaf seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to Wisconsin wage laws.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Schaaf, individually and on behalf of all members of the Collective Overtime Class hereby requests the following relief:

a) At the earliest time possible, an order designating this action as a collective action on behalf of the Collective Overtime Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

c) An order designating Plaintiff Lance Schaaf as the Named Plaintiff and as representative of the FLSA Overtime Class set forth herein;

d) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

e) An Order finding that MBM violated the FLSA's overtime provisions as to Plaintiff Schaaf and the FLSA Overtime Class;

f) An Order finding that these violations are willful;

g) Judgement against MBM in the amount equal to the Plaintiff Schaaf and the FLSA Overtime Class members' unpaid overtime wages;

h) An award in the amount of all liquidated damages as provided under the FLSA;

i) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

j) Such further relief as the Court deems just and equitable.

Dated this 2nd day of October, 2017.

                                                        Respectfully submitted,

*s/ Larry A. Johnson*
Larry A. Johnson
Bar Number 1056619
Summer Murshid
Bar Number 1075404
Timothy Maynard
Bar Number 1080953
Attorneys for Plaintiffs

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com